GORDON PARISH & another *vs.* GEORGE A. WHITNEY & another.

A stipulation in a deed poll, that the grantee, his heirs and assigns, shall erect and perpet ually maintain a fence between the granted premises and land adjoining, does not create an incumbrance on the granted premises, within the meaning of a covenant against in cumbrances in a deed subsequently made by the grantee.

ACTION OF CONTRACT on the covenant against incumbrances, contained in a deed from the defendants to the plaintiffs. The breach assigned in the declaration was that " the land described in said deed was not free from incumbrances, but was subject to an obligation for the erection and perpetual maintenance of the whole line of partition fence between said land and the land of one John Putnam, which obligation is contained in another deed of land, including the same premises, made by John Putnam to Russell Tinker, Jr., from whom the defendants derived their title, dated August 12th 1839." That deed (a copy of which was annexed to the declaration) contained the following clause, immediately preceding the habendum : " And in further consideration of this grant, the said Russell, Jr., his heirs and assigns, are to erect and perpetually maintain the whole line of partition fence between the above granted premises and the said John's land, which fence is to be erected during the present year." The defendants demurred to the declaration, on the ground that it set forth no cause of action.

*T. G. Gold*, for the defendants.

*J. Rockwell*, for the plaintiffs. By the deed from Putnam to Tinker an obligation was created, running with the land, compelling the owners of the land to erect and perpetually maintain the whole line of partition fence between the land conveyed and adjoining land of the grantor. This obligation is an incumbrance, and its existence a breach of the covenant against incumbrances. Rev. Sts. *c.* 19, §§ 1–8 ; *c.* 113, § 4. *Rust* v. *Low*, 6 Mass. 90. *Stackpole* v. *Healy*, 16 Mass. 33. *Prescott* v. *Trueman*, 4 Mass. 627. *Harlow* v. *Thomas*, 15 Pick. 66. *Shearer* v *Ranger*, 22 Pick. 447. *Norton* v. *Babcock*, 2 Met. 510. *Boyle* v *Tamlyn*, 6 B. & C. 329. *Drewell* v. *Towler*, 3 B. & Ad. 735

*Ginn* v. *Hancock*, 31 Maine, 42. *Ballard* v. *Butler*, 30 Maine, 94. Shep. Touch. 172. 1 Crabb on Real Property, § 508.

THOMAS, J. The question is whether the clause in the deed of Putnam to Tinker creates an incumbrance upon the land. It is quite clear that it is not a reservation out of the estate granted. The whole estate passed by the deed. It is not a condition upon which the estate is to be held, and for breach of which an entry might be made by the grantor. It is not declared to be a condition, nor is any right of entry reserved. It is not a covenant, running with the land, or otherwise. It is but a personal agreement of the grantee, made as part of the consideration of the grant, and evidenced by his acceptance of the deed, which may bind him and his legal representatives, but does not affect the estate. *Plymouth* v. *Carver*, 16 Pick. 183.                                    *Demurrer sustained.*